UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Jane Doe**, <br><br> *Plaintiff*, <br><br> v. <br><br> **Rye City School District**, <br><br> *Defendant*. | Case No. 7:22-cv-8898 |

**Complaint for Attorneys' Fees and Specific Performance
Under the Individuals with Disabilities Education Improvement Act**

1. Plaintiff Jane Doe brings this action to enforce an award from a New York State Department of Education administrative proceeding and to recover the attorneys' fees she incurred in obtaining and enforcing that award.

2. Ms. Doe brought an administrative action individually and on behalf of her child to enforce their rights under the Individuals with Disabilities Education Improvement Act ("IDEA").[1] NY State Education Department, State Review Office Case No. 20-172 (issued Dec. 11, 2020).

---

[1] The Plaintiff brings this Complaint as a Jane Doe to maintain her, and her child's, anonymity in accordance with the IDEA, the Family Educational Rights and Private Act of 1974, Federal Rule of Civil Procedure 5.2, and the Electronic Case Filing Rules & Instructions of the Southern District of New York 21.3.

3.      Ms. Doe was the prevailing party in that administrative action. The State Review Officer found that Defendant Rye City School District ("District") failed to fully implement an Individual Education Plan for Ms. Doe's child for the 2016-2017 and 2018-2019 school years. The District also failed to provide a required Independent Educational Evaluation and transitional services for Ms. Doe's child.

4.      As the prevailing party under the IDEA, Ms. Doe may recover reasonable attorneys' fees.

## Jurisdiction and Venue

5.      The IDEA confers jurisdiction on this Court over Plaintiff's claim under that statute.  *See* 20 U.S.C. § 1415.

6.      This Court has jurisdiction under 28 U.S.C. § 1331 because Plaintiff asserts claims under the laws of the United States.

7.      This Court has jurisdiction under 28 U.S.C. § 1343(a) because Plaintiff asserts claims under laws providing for protection of civil rights.

## Parties

8.      Plaintiff Jane Doe is an individual who resides within the Rye City Central School District's jurisdiction.

9.      Plaintiff Jane Doe's child is nineteen years old with a disability that qualifies for protection under the IDEA.

10. Defendant Rye City School District is a local education agency as defined under the IDEA with its principal place of business at 555 Theodore Fremd Avenue, Rye, New York 10580.

**Facts**

11. Ms. Doe's child qualifies for protection under the IDEA

12. Ms. Doe's child suffers from a medical condition, an attention deficit hyperactivity disorder, a language disorder, and a learning disorder with impairment in mathematics and in writing. She has difficulty with higher-level language, pragmatic language, and social skills.

13. Ms. Doe's child also suffers from anxiety, difficulty with memory, and impaired executive functioning.

14. Ms. Doe's child's conditions qualify her as a student with a disability eligible for a Free Appropriate Public Education ("FAPE") under the IDEA.

15. The IDEA requires the District to develop and implement an Individual Education Plan ("IEP") for any child eligible for special education, such as Ms. Doe's child. The Individual Education Plan identifies the services and support the District will provide to the student to help the student progress in his or her education.

16. The IDEA also requires the District to provide Ms. Doe's child with transition services. Transition services must help the student with the transition from scholastic to post scholastic activities, such as postsecondary education, vocational education, or employment.

17. Ms. Doe's child began attending the District's public schools in the 2016-2017 school year.

18. A District Committee on Special Education ("CSE") proposed an IEP Ms. Doe's child for each of the 2017-2018, 2018-2019, and 2019-2020 school years.

   a. In February 2017, the CSE convened to develop an IEP for the 2017-2018 year. The CSE recommended daily, 40-minute sessions in a resource room; one daily 40-minute session in an integrated co-teaching classroom with services in language arts; and twice monthly 40-minute individual counseling sessions.

   b. In March 2018, the CSE met to develop an IEP for the 2018-2019 school year. The CSE recommended daily 40-minute ICT services in language arts and math; once daily 40-minute sessions of resource room services in a small group; and once weekly 40-minute small group counseling in the school's Learning Center.

    c. On June 19, 2020, the CSE met to develop an IEP for the 2019-2020 school year. The CSE recommended daily 40-minute ICT services in language arts and math; once weekly 40-minute session of small group counseling; and once weekly 40-minute sessions of small group counseling.

**The District's IEPs do not provide a FAPE**

    19. Throughout her child's time at the District schools, Ms. Doe believed that the school's IEPs were either insufficient or not properly implemented and thus deprived Ms. Doe's child of a FAPE.

    20. For example, at the February 2017 CSE meeting, Ms. Doe informed the CSE that her child did not want to be pulled from class to receive services and was refusing to attend speech and language services. Ms. Doe's child was also spending an excessive amount of time on homework.

    21. In the Spring of 2017, Ms. Doe's child scored well below proficient on the New York State examination on English Language Arts.

    22. In September 2017, Ms. Doe informed the District that her child "was off to a rough start" and having significant difficulty with social skills.

23. In the Spring of 2018, Ms. Doe provided the District with letters from her child's physicians to support her child receiving speech language and memory services. The physicians also recommended services to meet the child's attention, metacognition, and executive function skill needs.

24. In May and June 2018, Ms. Doe asked the District to provide a speech language evaluation, a psychoeducational evaluation, and a neuropsychological IEE.

25. On October 18, 2018, Ms. Doe told the District that her child needed speech language therapy from someone specially trained. Ms. Doe also asked the District to provide two or three weekly speech therapy sessions from a private provider, based on the recommendations of the evaluation which revealed significantly below average scores.

26. On June 10, 2019, Ms. Doe's child's private psychotherapist informed the District that Ms. Doe's child had "seen limited social and emotional development" which profoundly affected her mental health. Ms. Doe's child needed extensive speech and language intervention or the child would continue to suffer from anxiety, depression, and social isolation.

**The District did not address Ms. Doe's concerns so she filed a due process complaint**

27. The District did not address Ms. Doe's concerns.

28. Ms. Doe issued a due process complaint notice on August 15, 2019, alleging that the District failed to provide her child a FAPE from 2016 through the date of the notice. The notice asserted that the District refused to recognize and address the child's needs in language, social pragmatics, mental health, social isolation, emotional distress, and depression.

29. Ms. Doe's due process complaint also alleged that the District was required to either honor her request for a neuropsychological IEE or file a due process complaint notice to show that its evaluation was appropriate.

30. Ms. Doe's due process complaint also alleged that the school failed to provide transition services to her child that were required under the IDEA.

**The Impartial Hearing Officer's Decision**

31. The District and Ms. Doe participated in a due process hearing over nine non-consecutive days that ended on July 20, 2020.

32. The Impartial Hearing Officer issued its final decision on September 29, 2020, and found for the District on all issues but one.

33. The Impartial Hearing Officer found that the District failed to provide Ms. Doe's child transitions services required under the IDEA.

34. After the due process hearing, Ms. Doe learned that the Impartial Hearing Officer and lead counsel for the District were previously law partners with one another.

35. Neither opposing counsel nor the hearing officer informed Ms. Doe about their former partnership.

**The State Review Officer's Decision**

36. On appeal, the State Review Officer reversed many of the Impartial Hearing Officer's findings. *See* NY State Education Department, State Review Office Case No. 20-172 (issued Dec. 11, 2020).

37. First, the State Review Officer found that the District failed to fully implement the IEP for Ms. DOE's child for the 2016-2017 school year.

38. Second, the State Review Officer found that the District failed to fully implement the IEP for Ms. DOE's child for the 2018-2019 school year.

39. Third, the State Review Officer found that the District failed to provide a required IEE for Ms. Doe's child.

40. Fourth, the State Review Officer affirmed the IHO's finding that the District failed to provide Ms. Doe's child transition services.

41. The IDEA includes a fee-shifting provision under which the prevailing party may recover attorneys' fees.

42. Under the State Review Officer's decision, Ms. Doe is the prevailing party.

## Count I
## Specific Performance

43. The IDEA required the District to offer Ms. Doe's child transition services—services that help a child with a disability move from high school to the workforce—to children with disabilities.

44. Both the Impartial Hearing Officer and the State Review Officer found that the District failed to offer Ms. Doe's child transition services and assessment required under the IDEA.

45. The State Review Officer's decision is a final, non-appealable decision.

46. The District still has not complied with the State Review Officer's decision.

## Count II
## Attorneys' Fees Under the IDEA

47. The IDEA provides that a parent who is the prevailing party in a proceeding brought under the IDEA may recover its reasonable costs, including attorneys' fees.

48. Ms. Doe filed a due process complaint asserting claims against the District under the IDEA.

49. The State Review Officer found that the District violated the IDEA by not providing the promised IEP for the 2016-2017 and 2018-2019 school year.

50. The State Review Officer also found that the District improperly refused to provide an IEE for Ms. Doe's child.

51. Ms. Doe incurred more than $70,455 in attorneys' fees in pursuing her claims against the District.

52. Based on the State Review Officer's decision, Ms. Doe is the prevailing party.

53. Ms. Doe is entitled to recover attorneys' fees.

**WHEREFORE**, Plaintiff respectfully requests that the Court:

   i.  Assume jurisdiction over this action;

   ii. Order the Defendant to provide Ms. Doe's child transition services

  required under the State Review Officer's December 11, 2020, decision;

iii. Order the Defendant to reimburse Plaintiffs for any IEE exam that the District failed to provide under the State Review Officer's December 11, 2020, decision;

iv. Order the Defendant to pay Plaintiffs' reasonable attorneys' fees and costs incurred in obtaining the State Review Officer's decision;

v. Order the Plaintiffs to submit a fee petition for the work obtaining the State Review Officer's decision and for this ensuing action; and

vi. Award such other, and further, relief as to the Court may seem just and proper.

Dated: October 18, 2022

            Respectfully submitted,

           By: *[signature]*
           William DeVinney (WTD 7117)
           BRIGLIA HUNDLEY, PC
           1921 Gallows Road, Suite 750
           Tysons Corner, VA 22182
           wdevinney@brigliahundley.com
           Phone: (703) 883-0880
           Fax: (703) 883-0899

           *Attorneys for Plaintiffs*