UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  05/03/2024____
```

JANE DOE,

                              Plaintiff,

        -against-

RYE CITY SCHOOL DISTRICT,

                              Defendant.

No. 22 Civ. 08898 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

        Plaintiff Jane Doe ("Plaintiff" or the "Parent"), as the prevailing party in the action against

Defendant Rye City School District ("Defendant" or the "District"), submit this motion for an

award of statutory attorney's fees and costs pursuant to the Individuals with Disabilities Education

Act ("IDEA") 20 U.S.C. § 1415(i)(3) and Federal Rules of Civil Procedure Rule 54(d)(2).  For the

following reasons, Plaintiff's motion is GRANTED in part and DENIED in part.

## BACKGROUND

        On October 18, 2022, Plaintiff commenced this action for attorneys' fees associated with

the prosecution of an impartial hearing under the Individuals with Disabilities Education Act

("IDEA") and her appeal to the New York State Education Department State Review Office

("SRO"). ("Complaint," ECF No. 1.)  The facts underlying the action are described below.

        Plaintiff's child (the "Student") suffers from conditions which qualify her as a student with

a disability eligible for a Free Appropriate Public Education ("FAPE") under the IDEA. The IDEA

requires the District to develop and implement an Individual Education Plan ("IEP") for any child

eligible for special education, such as the Student. The IEP identifies the services and support the

District will provide to a student to help the student progress in his or her education. The IDEA

also requires the District to provide the Student with transition services. Transition services must help the student with transition from scholastic to post scholastic activities, such as postsecondary education, vocational education, or employment.

The Student began attending the District's public schools in the 2016-2017 school year. A District Committee on Special Education ("CSE") proposed an IEP for Plaintiff's child for each of the 2016-2017, 2017-2018, 2018-2019, and 2019-2020 school years. Throughout the Student's time at the District schools, Plaintiff believed that the school's IEPs were either insufficient or not properly implemented and thus deprived the Student of a FAPE. On or about January 14, 2019, Plaintiff filed a Demand for Due Process Hearing ("Due Process Demand"). (Def. Ex. 1.) Plaintiff was represented by Gina DeCrescenzo, P.C. (the "Firm"), and paid fees for services provided by Gina DeCrescenzo, Benjamin Brown, and Charlene Lolis. Plaintiff's counsel and Defendant's counsel sought to resolve the matter via settlement. On April 30, 2019, Defendant's counsel sent Plaintiff an Offer in Compromise (the "Offer") on behalf of Defendant. (Def. Ex. 2.) The Offer provided that: (1) the District would provide the Student with a bank of 120 hours of Speech and Language therapy services, provided by a licensed speech therapist; and (2) the District would reimburse Plaintiff in the amount of $10,000.

Plaintiff declined the Offer, and instead filed an Amended Demand for Due Process Hearing ("Amended Due Process Demand"). (Def. Ex. 3.) The Amended Due Process Demand alleges a denial of a FAPE for the 2016-2017, 2017-2018, 2018-2019, and 2019-2020 school years. As relief, Plaintiff sought (1) an order directing the District to fund an independent educational evaluation in neuropsychology; (2) provision of an appropriate transition assessment with implementation of appropriate transition services; (3) reimbursement for private evaluation and

services; (4) compensatory services for the deprivation of FAPE; and (5) payment of attorneys' fees and expenses.

The parties participated in a due process hearing over nine non-consecutive days that ended on July 20, 2020. Plaintiff proceeded *pro se* for the hearing. On September 29, 2020, the Impartial Hearing Officer ("IHO") issued its decision which found in favor of the District on all issues except one. ("IHO Decision," Def. Ex. 5.) Specifically, the IHO determined that the District offered the Student a FAPE for all relevant school years, but ordered the District to conduct transitional and vocational assessments of the Student.

Plaintiff appealed the IHO's decision to the New York State Education Department Office of State Review (the "SRO"). The District cross-appealed the IHO's determination that it did not provide transition and vocational assessments. On December 11, 2020, the SRO issued its decision (the "SRO Decision"). (Def. Ex. 6.)  The SRO Decision affirmed the IHO's determination that the District provided the Student a FAPE for the 2017-2018, 2018-2019, and 2019-2020 school years and was required to conduct transition and vocational assessments.[1] The SRO Decision further (1) dismissed the District's cross-appeal; (2) modified the IHO Decision to reflect that the District failed to implement the speech-language therapy sessions recommended in the Student's October 2016 IEP for the period from January 14, 2017 through June 22, 2017; (3) ordered the District to reimburse Plaintiff for private sessions of speech-language therapy; and (4) ordered the District to fund an independent neuropsychological evaluation of the student.

---

[1] The IHO held that Plaintiff's claims related to the 2016-2017 school year were barred by the statute of limitations. The SRO overturned this decision and found that Plaintiff's claims for the 2016-2017 school year concerning the implementation of the October 2016 IEP from January 14, 2017 to the end of the 2016-2017 school year were not time barred. (Def. Ex. 6 at 16-17.)

On January 29, 2024, Plaintiff filed its motion and accompanying memorandum of law for an award of attorneys' fees pursuant to the fee-shifting provision of the IDEA.[2] Specifically, Plaintiff seeks an award of fees for services provided by attorney Gina DeCrescenzo for 91.5 hours at a rate of $500 per hour; attorney Benjamin Brown for 64.7 hours at a rate of $400 per hour; and executive assistant Charlene Lolis for 6.1 hours at a rate of $140 per hour. In total, Plaintiff seeks an award of $72,709.00.

## LEGAL STANDARD

IDEA "ensure[s] that children with disabilities . . . are guaranteed procedural safeguards with respect to the provision of a free appropriate public education." 20 U.S.C. § 1415(a). Under the statute, in any "action or proceeding brought under [IDEA]," courts have discretion to "award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i)(I). The Second Circuit has held any "action or proceeding" to include both administrative hearings and litigation before federal courts. *See A.R. v. N.Y. City Dep't of Educ.*, 407 F.3d 65, 75 (2d Cir. 2005). A "prevailing party" is one who receives actual relief on the merits of his claim which materially alters the legal relationship between him and the defendant "by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 114 (1992).

Under IDEA, attorneys' fees "shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(C). Attorneys' fees may be reduced if the amount of fees unreasonably

---

[2] The motion was fully briefed by the parties as of January 29, 2024. Plaintiff filed its Memorandum of Law in Support ("Pl. Mem.," ECF No. 21) and Reply ("Pl. Reply," ECF No. 28). Defendant filed its Opposition ("Def. Opp.," ECF No. 24) and an accompanying affidavit ("Scapoli Aff.," ECF No. 23).

Citations to "Pl. Ex." refer to exhibits attached to Plaintiff's Memorandum of Law. Citations to "Pl. Reply Ex." refer to exhibits attached to Plaintiff's Reply. Citations to "Def.Ex." refer to exhibits attached to the Affidavit of Tom Scapoli.

exceeds the prevailing hourly rate in the community for "similar services by attorneys of reasonably comparable skill, reputation, and experience," or if the time billed and services furnished were excessive for the nature of the proceeding. 20 U.S.C. § 1415(i)(3)(F)(ii), (iii). The movant bears the burden of producing satisfactory evidence, along with the attorney's own affidavits, that the requested fee is appropriate. *Chambless v. Masters, Mates & Pilots Pension Plan*, 885 F.2d 1053, 1059 (2d Cir. 1989).

To determine the amount of a reasonable fee, the Second Circuit has held that courts should start with the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 186 (2d Cir. 2008). "The reasonable hourly rate is the rate a paying client would be willing to pay . . . ."[3] *Id.* at 190. This determination requires Courts to consider all case-specific variables relevant to the reasonableness of attorneys' fees. *Id.* These variables include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

---

[3] The court in *Arbor Hill* also identified the following factors to be considered in determining the amount a reasonable paying client would be willing to pay:

> the complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively (taking account of the resources being marshaled on the other side but not endorsing scorched earth tactics), the timing demands of the case, whether an attorney might have an interest (independent of that of his client) in achieving the ends of the litigation or might initiate the representation himself, whether an attorney might have initially acted *pro bono* (such that a client might be aware that the attorney expected low or non-existent remuneration), and other returns (such as reputation, etc.) that an attorney might expect from the representation.

> *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 184 (2d Cir. 2008).

*Id.* at 186 n.3 (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717 – 19 (5th Cir. 1974)).

## DISCUSSION

Plaintiff seeks $72,709.00 in attorneys' fees. Defendant argues Plaintiff is not entitled to attorneys' fees because (1) Plaintiff is not a prevailing party; (2) Plaintiff failed to submit admissible evidence in support of its motion; (3) the hours billed by DeCrescenzo are excessive and unreasonable; (4) Plaintiff rejected a more favorable Offer of Judgment; and (4) Plaintiff's limited success warrants a reduction in fees. The Court addresses each of Defendant's arguments in turn.

### A.  *"Prevailing Party" under the IDEA*

Defendant claims that Plaintiff is not entitled to attorneys' fees because she is not a prevailing party under the IDEA. Plaintiff argues that she obtained "significant relief" because the SRO provided her a majority of the relief sought. (Pl. Mem. at 9.) Defendant contends that Plaintiff obtained "minimal relief on the few issues the SRO found in her favor," and notes all the claims that Plaintiff lost. (Def. Opp. at 7.) Defendant continues that of the claims Plaintiff won, "the SRO determined there was little to no damages to the Student." (*Id.*)

The IDEA permits a court to "award reasonable attorneys' fees" to a "prevailing party" "[i]n any action or proceeding brought under" the statute. 20 U.S.C. § 1415(i)(3)(B). "In the context of the IDEA, 'proceeding' refers to, or at least includes, an administrative proceeding." *A.R. ex rel. R.V. v. New York City Dep't of Educ.*, 407 F.3d 65, 75 (2d Cir. 2005) (citing 20 U.S.C. § 1415(i)(3)(D)(i)).

To qualify as a prevailing party in an IDEA case, "a litigant must demonstrate that: (1) He obtained relief on a significant claim in the litigation; (2) such relief effected a material alteration

in his legal relationship with the defendant; and (3) the alteration is not merely technical or *de minimis* in nature." *Kathleen H. v. Mass. Dep't. of Educ.*, 154 F.3d 8, 14 (1st Cir. 1998) (citing *Texas State Teachers Ass'n v. Garland Indep. School Dist.*, 489 U.S. 782, 791–93 (1989)); *see also Christopher P. v. Marcus*, 915 F.2d 794, 804 (2d Cir. 1990); *D.H. v. Ashford Bd. of Educ.*, 1 F. Supp. 2d 154, 159 (D. Conn. 1998). The prevailing party has been "interpreted generously" by the Second Circuit, and a "party need not prevail on all issues" to be granted an award of attorneys' fees. *G.B. ex rel. N.B. v. Tuxedo Union Free Sch. Dist.*, 894 F. Supp. 415, 424 (S.D.N.Y. 2012) (quoting *B.W. ex rel. K.S. v. N.Y.C. Dep't of Educ.*, 716 F.Supp.2d 336, 345 (S.D.N.Y.2010)). "Instead, the party must success on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit." *Id.*

Here, the relief awarded by the SRO to Plaintiff materially alters the legal relationship between Plaintiff and Defendant. Defendant failed to provide an independent educational evaluation ("IEE") at public expense or institute due process proceedings following Plaintiff's request for an independent neuropsychological evaluation. The SRO determined that there was not legitimate basis for this failure, and therefore Plaintiff was entitled to an IEE, including an independent neuropsychological evaluation, at public expense. This finding alone reflects a material shift in the District's legal duties vis-à-vis the Student, and therefore Plaintiff is a prevailing party and entitled to attorneys' fees as a matter of law. *See Y.O. By & Through M. v. New Britain Bd. of Educ.*, 1 F. Supp. 2d 133, 139 (D. Conn. 1998) ("[P]laintiff achieved a material alteration in the legal relationship between himself and the Board: he obtained an enforceable order that enabled him to receive particular educational services that had previously been unavailable to him.")

Defendant's arguments are unpersuasive. "A court's prevailing party inquiry . . . does not turn on the magnitude of the relief obtained," therefore "the degree of the plaintiff's success does not affect eligibility for a fee award." *K.L. v. Warwick Valley Cent. Sch. Dist.*, No. 12 CIV. 6313 DLC, 2013 WL 4766339, at *6 (S.D.N.Y. Sept. 5, 2013), *aff'd*, 584 F. App'x 17 (2d Cir. 2014) (citing *Farrar v. Hobby*, 506 U.S. 103, 114, S. Ct. 566, 121 L. Ed. 2d 494 (1992)) (internal quotation marks omitted); *see also New Britain Bd. of Educ.*, 1 F. Supp. 2d at 139 (finding the party plaintiff is a prevailing party because the "kind" of services provided were significantly different although the "degree" of difference in plaintiff's educational program was disputed). While the degree to which Plaintiff prevailed will inform the Court's decision regarding the amount of attorneys' fees awarded, it has no impact on whether an award of attorneys' fees is warranted. Accordingly, the Court finds Plaintiff is entitled to attorneys' fees as a prevailing party.

### B. Calculation of Reasonable Attorney's Fees

#### a. Evidence Submitted in Support of Plaintiff's Motion

As a threshold matter, Defendant argues that "Plaintiff has failed to meet their burden of entitlement to any attorneys' fees as they have failed to submit any admissible evidence." (Def. Opp. at 9.) In her Reply, Plaintiff attaches a declaration from Gina DeCrescenzo attesting that the copies of the spreadsheet of the Firm's time records (Pl. Ex. B) and the resumes of DeCrescenzo, Brown, and Lolis (Pl. Exs. D-F) are true and accurate. (Pl. Reply Ex. A.) Plaintiff also attaches a declaration executed by herself attesting to the services the Firm provided, that she paid the Firm's invoices directly, and that the invoices (Pl. Ex. C) and the Firm's spreadsheet of time records (Pl. Ex. B) are true and accurate copies. (Pl. Reply. Ex. B.) Defendant contends, however, that Plaintiff is barred from curing these deficiencies in her Reply.

"[T]he fee applicant has the burden of showing by satisfactory evidence—in addition to the attorney's own affidavits—that the requested hourly rates are the prevailing market rates." *Farbotko v. Clinton Cnty. of New York*, 433 F.3d 204, 209 (2d Cir. 2005). Defendant does not cite to any cases requiring a plaintiff seeking attorney's fees to submit admissible evidence in support of her motion. The case cited by Defendant does not support its position. In *Revise Clothing*, the affidavit at issue sought to introduce new evidentiary information after Plaintiff had submitted a conclusory and inadmissible affidavit executed by a different individual. *Revise Clothing, Inc. v. Joe's Jeans Subsidiary, Inc.*, 687 F. Supp. 2d 381, 387 (S.D.N.Y. 2010). Here, as noted by Plaintiff, both her and DeCrescenzo's affidavit did not offer any new factual information with regards to Plaintiff's memorandum and merely authenticates the attached exhibits. (Pl. Reply Exs. A-B.) Moreover, as noted in the case cited by Defendant, "[a] court has discretion to consider documents filed in violation of procedural rules." *Id.*

Regardless, even if the Court does not consider Plaintiff's submissions, the Court may "rely on the decisional law and its own experience" when assessing the reasonableness of Plaintiff's requested rates. *LV v. New York City Dep't of Educ.*, 700 F. Supp. 2d 510, 521 (S.D.N.Y. 2010) (citing *Farbotko*, 433 F.3d at 209). Accordingly, the Court will consider the merits of Plaintiff's motion.

### b.   *Reasonableness of DeCrescenzo's Hourly Rate*

Plaintiff contends that a rate of $500 per hour is reasonable for Gina DeCrescenzo's services; $400 per hour is reasonable for Benjamin Brown's services; and $140 per hour is reasonable for Charlene Lolis's services. (Pl. Mem. at 10-14.) Defendant does not challenge the reasonableness of Plaintiff's proposed rates beyond its assertion that Plaintiff failed to provide admissible evidence to substantiate them. (Def. Opp. at 9-13.) Upon review of the evidence

provided by the parties, decisions in other cases, and analyzing this case under the *Arbor Hill* factors, the Court determines that the prevailing market rate adjusted for inflation is appropriate.

To support her argument for increased rates, Plaintiff primarily relies on the attorneys' resumes (Pl. Ex. D-F) and court decisions where DeCrescenzo, Brown, and Lolis were awarded attorneys' fees and costs. Specifically, Plaintiff points to this Court's decision in *P.R. v. N.Y.C. Dep't of Educ.*, No. 17-cv-4887, 2018 U.S. Dist. LEXIS 121949 (S.D.N.Y. July 19, 2018), which found that "evidence of DeCrescenzo's law firm's hourly rates" was "convincing and probative" of the current market rates for clients in the Southern and Eastern District of New York. (Pl. Mem. at 11.) However, *P.R.* is distinguishable given that DeCrescenzo submitted a declaration detailing the fee schedule her and her client agreed to in that case, the retainer agreement, as well as affidavits by the attorneys who billed on the matter. *P.R.*, 2018 U.S. Dist. LEXIS 121949 at *13, 33. Here, Plaintiff fails to offer similar evidence. Plaintiff proffers three resumes, a spreadsheet of time records, and invoices for services rendered during only a portion of the representation. (*See* Pl. Exs. C-F.) Moreover, Plaintiff vaguely states that she consulted with several special education attorneys who had similar rates as the Firm, without specifying which firms or the rates those firms quoted her. (Pl. Reply. Ex. B ¶¶ 4-5; Pl. Mem. at 10.)

Otherwise, Plaintiff provides little information to support her claim, relying primarily on the fact that the 162.75 hours billed for the pre-hearing and appeals representation is half of the usual 300-plus hours billed for an impartial hearing. (Pl. Mem. at 16; Pl. Reply at 11.) That comparison is irrelevant as to whether the Firm's billed hours on the matter are reasonable. Otherwise, Plaintiff asserts these hours are reasonable because the case encompassed "four different school years, as well as the need for several evaluations." (Pl. Mem. at 16.) This provides

the Court little information to help inform its assessment. Accordingly, the Court must rely on decisional law as well as its own expertise in determining the appropriate rates.

In previous decisions, courts determined rates ranging from (1) $350 to $400 was reasonable for DeCrescenzo; (2) $200 to $300 was reasonable for Brown; and (3) $100 to $140 was reasonable for Lolis. *A.D. v. New York City Dep't of Educ.*, No. 18-CV-3347 (VEC), 2019 WL 1292432, at *3 (S.D.N.Y. Mar. 21, 2019) (finding a reasonable rate for legal services was $350 for DeCrescenzo, $200 for Brown, and $100 for Lolis); *P.R.*, 2018 U.S. Dist. LEXIS 121949, at *40 (finding a reasonable rate for legal services was $400 for DeCrescenzo, $300 for Brown, and $140 for Lolis); *B.B. v. New York City Dep't of Educ.*, No. 17CV4255VECSDA, 2018 WL 1229732, at *2-3 (S.D.N.Y. Mar. 8, 2018) (finding a reasonable rate for legal services was $350 for DeCrescenzo). In requesting the Court award DeCrescenzo a rate of $500 per hour, Brown a rate of $400 per hour, and Lolis a rate of $140 per hour, Plaintiff asks the Court to account for the market rate for legal services increasing in recent years and these individual's increased experience since those awards. (Def. Mem. at 12-13.)

The Court declines to raise the rate based on the change in the legal market. (Pl. Mem. at 14-15.) Plaintiff relies on a couple of news articles discussing the rise in rates for BigLaw attorneys. (Pl. Exs. G-H.) However, "the AmLaw 100 firms are not the appropriate market rate to measure the rate for special education attorneys." *H.W. v. New York City Dep't of Educ.*, No. 22CV3282JGKKHP, 2023 WL 6545461, at *5 (S.D.N.Y. July 10, 2023), *report and recommendation adopted*, No. 22-CV-3282 (JGK), 2023 WL 5846608 (S.D.N.Y. Sept. 8, 2023). Granted, Plaintiff does not ask the Court to award rates for AmLaw 100 firms, but instead argues that the change in rates for these firms reflect the market as a whole. (Pl. Mem. at 15.) However, the Court is unpersuaded that one may draw a direct comparison between AmLaw 100 firm rates

and the market rate for special education attorneys. Plaintiff has not produced any evidence, beyond a couple of articles that focus on AmLaw 100 firms, proving that rates for special education attorneys have increased at the same rate of AmLaw 100 firms. In fact, Plaintiff has not produced any probative evidence that rates for special education attorneys have increased at all. That said, the Court agrees that inflation justifies an increase in rate, given that a court most recently assessed DeCrescenzo's, Brown's, and Lolis's appropriate rates in 2019. *See F.R.*, 2023 WL 4991118, at *5 (noting that the prevailing rate for experienced special education attorneys in the New York area circa 2018 was between $350 and $475 per hour and adjusting that rate for the passage of time).

Applying the remaining *Arbor Hill* factors, the Court first considers the time, labor, and skill required for DeCrescenzo and her team to represent Plaintiff. In challenging Plaintiff's requested hours, Defendant argues that despite DeCrescenzo and her team's "limited involvement" in the administrative proceedings below, they "somehow billed 162.75 hours on a matter they did not fully litigate." (Def. Opp. at 13.) Despite Plaintiff's feeble arguments, the Court disagrees with Defendant's characterization of the Firm's involvement as "limited." Plaintiff's counsel assisted with the case strategy, helped with preparation for the due process hearing, represented Plaintiff for pre-hearing matters and settlement discussions, and handled the appeals process. The billing entries for DeCrescenzo indicate that she had substantial involvement in the building of the case—DeCrescenzo drafted the Due Process Demand by reviewing files, educational records, and conducting several calls and emails with Plaintiff. (*See* Def. Ex. B.) DeCrescenzo also engaged in settlement discussions with the District's counsel.

The record similarly indicates that Brown also assisted in drafting and revising the Due Process Complaint, including reviewing the relevant materials. In preparation for the hearing,

Brown assembled and disclosed the relevant evidence, which included exhibits. From the Court's review of the time records, the Firm performed a not insignificant amount of work in preparing Plaintiff for representing herself at the hearing, and Plaintiff relied on that work. (Pl. Reply Ex. B, "Doe Aff.," ¶ 8.) Brown and DeCrescenzo, of course, also worked on the SRO appeal, including the District's cross-appeal, which is no small task. Although DeCrescenzo and her team were largely unsuccessful in reversing the IHO's Decision on appeal, they did score some notable wins.

Finally, while the legal issues presented by the case may not have been novel, "IDEA cases generally involve voluminous records and are fact-intensive," *G.B. ex rel. N.B.*, 894 F. Supp.2d at 434, and this case involved four different IEPs. Moreover, this Court has awarded fees where the attorney only represented the plaintiff on appeal. *G.B. ex rel. N.B.*, 894 F. Supp. 2d at 415, 424-425 (awarding attorney's fees at the prevailing market rate where attorney represented plaintiffs in their SRO appeal, the record of which consisted of 1767 pages and over 100 exhibits, involving factual issues related to two IEPs).

As recognized in previous cases assessing the reasonable rate for DeCrescenzo and Brown, they are both experienced attorneys whose experience has only grown in the last few years. Accordingly, the Court calculates attorney's fees for (1) DeCrescenzo at $435 per hour; (2) Brown at $325 per hour; and (3) Lolis at $100 per hour. These rates are well on par with awards to similarly situated attorneys for similar cases in the past year.[4] *S.B. v. New York City Dep't of Educ.*, No. 23 CIV. 3961 (PAE), 2024 WL 1406559, at *6 (S.D.N.Y. Apr. 2, 2024) (awarding named attorneys a rate of $400 per hour and a senior associate attorney $310 per hour); *R.S. v. New York*

---

[4] The case cited by Plaintiff, where this Court awarded an attorney a rate of $500 per hour for her work on an IDEA case, is distinguishable. *H.W.*, 2023 WL 6545461, at *5. In *H.W.*, the Court noted that the case involved a "heavily contested" administrative case that "included a pendency hearing and four days of hearings on the merits during which [p]laintiffs presented 47 exhibits and five witnesses." *Id.* at *4. Here, in contrast, the Firm only represented Plaintiff for all pre-hearing matters and on appeal to the SRO. (Doe Aff. ¶¶ 8-10.)

*City Dep't of Educ.*, No. 21-CV-2257 (JPO), 2023 WL 6389118 (S.D.N.Y. Sept. 29, 2023) (awarding "highly experienced attorneys in special education law" a rate of $450 and an attorney with 7 years of experience a rate of $350); *F.R. v. New York City Dep't of Educ.*, No. 22CIV1776VECGWG, 2023 WL 4991118 (S.D.N.Y. Aug. 4, 2023), *report and recommendation adopted*, No. 22-CV-1776 (VEC), 2023 WL 5950686 (S.D.N.Y. Sept. 13, 2023) (awarding a rate of $375 per hour for an attorney with 15 years' experience in special education law and a rate of $100 for paralegals).

### c. *Reasonableness of the Hours DeCrescenzo Billed*

Plaintiff seeks an award for 91.95 hours of work for DeCrescenzo, 64.7 hours of work for Benjamin Brown, and 6.1 hours of work for Charlene Lolis. (Pl. Mem. at 6-7.) Defendants argue that DeCrescenzo's, Brown's, and Lolis's inefficient billing practices should be reduced for "unreasonable fees and grossly excessive hours spent on minimal tasks." (Def. Opp. at 12-13.)

Defendant cites to prior cases where Plaintiff's award was reduced for inefficient billing practices. Those cases are distinguishable. In *B.B.*, the case at issue involved a hearing lasting only a few minutes and generating limited relief beyond that already agreed to by the parties. 2018 WL 1229732, at *2. This Court thus determined that 30.4 hours were the appropriate compensable hours for DeCrescenzo. *Id.* The Court also reduced Brown's fees by 50% on the grounds that they were "fees on fees," or that Brown sought fees incurred in litigating the fee application. *Id.* at *3. No such fees are sought by Plaintiff in the instant motion. Similarly, in *A.D.*, the hearing at issue took only four hours and was uncontested. 2019 WL 1292432, at *3. Here, in contrast, DeCrescenzo and her team provided pre-hearing representation to prepare Plaintiff for a contested hearing and filed an appeal to a case where the District had prevailed on all the issues except one

14

and cross-appealed on that same issue. Accordingly, the Court finds a reduction on this ground inappropriate.

As proof of Plaintiff's inefficient billing practices, Defendant points to (1) the collective 14.8 hours DeCrescenzo, Brown, and Lolis spent amending the initial Due Process Demand and (2) charges improperly included from a separate matter. (Def. Opp. at 13-14.) Regarding the Amended Due Process Demand, Defendant argues DeCrescenzo and her team spent "almost two full work days to add about 10 short paragraphs and a couple of minor edits." (*Id.* at 13.) As noted by the Plaintiff, however, adding another school year to the Amended Due Process Demand requires reviewing the relevant documents and materials for that school year, discussing any revisions with Plaintiff, and drafting the actual document. From the Court's review of the record, this is exactly what the 14.8 hours encompasses. Therefore, the Court does not view these hours as excessive.

Regarding the "charges improperly included from a separate matter," Defendant does not specify these supposed charges. Plaintiff does not provide much clarity either but does state she had sought the Firm's advice on how the SRO's decision affected another matter. (Pl. Reply at 11 (citing Doe Aff. ¶ 15).) Without further details from Defendant and finding Plaintiff's explanation reasonable, the Court declines to reduce Plaintiff's award on this ground.

These are the only examples Defendant provides. Accordingly, Defendants have failed to demonstrate that the billed hours are "excessive" to warrant a reduction.

### C.  *Equitable Reduction of the Award*

"Under fee shifting statutes such as the IDEA, a court can equitably reduce the attorneys' fee award based on limited results, and a reduction may be appropriate where a party lost on claims unrelated to the ones on which he prevailed and where the overall level of success is low." *G.B.*

*ex rel. N.B.*, 894 F. Supp. 2d at 415, 424-425 (citations omitted). Courts look at two factors to determine whether an equitable reduction of fees is warranted: "(1) the overall level of success, and (2) if the success was limited, whether the unsuccessful claims can be separated out from the successful ones." *Id.* at 425. "[W]here a plaintiff's claims for relief are inextricably intertwined and involve a common core of facts or are based upon related legal theories, the claims are considered related and the fee award need not be reduced, even if the plaintiff was unsuccessful on some of the claims." *Id.*

Defendant argues that the Court should reduce DeCrescenzo's attorney's fees because Plaintiff obtained "limited success." (Def. Opp. at 16-17.) Plaintiff's primary goal was to obtain a finding that the District denied her child a FAPE and that she was entitled her to compensatory education, various compensatory related services, and compensation for private services. Here, all of Plaintiff's claims are related to the District's alleged failure to provide Plaintiff with a FAPE for the 2016-2017, 2017-2018, and 2018-2019 school years. The Court will thus "focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *G.B. ex rel. N.B.*, 894 F.Supp.2d at 425.

On appeal, the SRO made three findings in favor of Plaintiff and awarded appropriate relief with respect to those findings. First, the SRO found that the District failed to provide the Student transition services, and ordered the District to provide those services as a remedy for this failure. (Def. Ex. 6 at 36-37, 47.) Second, the SRO Decision determined that the District failed to implement the Student's October 2016 IEP during the 2016-2017 school year by failing to provide the Student group speech language therapy. (*Id.* at 38-41.) As relief for this failure, the SRO awarded reimbursement for 23 sessions of the private speech-language therapy sessions obtained for the Student. (*Id.* at 43-44.) Finally, the SRO found that Plaintiff had disagreed with the

District's evaluation of the Student, and therefore was required to either request a hearing to show that its evaluation was appropriate or to ensure that an IEE was provided at public expense. (*Id.* at 46-47.) As a result of the District's failure to do so, the SRO awarded Plaintiff an independent neuropsychological evaluation at public expense. (*Id.* at 47.)[5]

The relief Plaintiff received, while not *de minimis*, is partial. The SRO's finding that the District provided the Student a FAPE for the 2017-2018, 2018-2019, and 2019-2020 school years is significant. In contrast to the broader findings in favor the District, the SRO awarded Plaintiff discrete relief on narrow issues. And for two of the three findings in Plaintiff's favor, the SRO did not find that the District's failures negatively impacted the Student's education.

As affirmed by the SRO, the IHO found that the failure to provide the Student transition and vocational assessments constituted a "procedural violation" that did not "impede the student's right to a FAPE or cause a deprivation of educational benefits." (Def. Ex. E at 32.) Moreover, while the SRO found that the District failed to provide the Student with group speech-language therapy services for a 5-month period, it also concluded that the appropriate remedy was reimbursement. The Student's October 2016 IEP provided that she would receive both social skills instruction and group language therapy at the Student's school, although she had previously been receiving those services at a private institution. The SRO determined that Plaintiff had informed the District that the Student would not continue social skills instruction at the middle school, and therefore the District had performed this obligation. However, the SRO also determined that the District improperly discontinued the group language therapy at the middle school. While the SRO held that this was a more than a *de minimis* failure, the SRO also found that the Student did receive

_____

[5] The SRO also found that the District failed to implement the Student's October 2018 IEP by failing to provide integrated co-teaching ("ICT") services in English language arts ("ELA") during the 2018-2019 school year. (Def. Ex. 6 at 41-42.) However, the SRO did not award Plaintiff any relief on this issue because it found that this failure benefited the student. (*Id.* at 42-44.)

private speech-language therapy over the 5-month period. Admittedly, the SRO found it difficult to determine the position the Student would have been in had the District complied with its obligations. The SRO only awarded Plaintiff reimbursement for these private sessions, which indicates to the Court that the SRO believed Student's needs had been sufficiently addressed despite the District's failure. Therefore, considering the SRO Decision as a whole, the most significant relief Plaintiff received was for the independent neuropsychological evaluation.

The Court cannot clearly demarcate counsel's time spent on the successful claims versus the unsuccessful claims. Litigation of Plaintiff's claims required extensive review and analysis of all four school years. This is reflected in the SRO Decision—the SRO analyzed and discussed events and circumstances relating to the implementation of the Student's IEPs for all four school years in awarding Plaintiff relief. Plaintiffs' successful and unsuccessful claims are therefore "inextricably intertwined and involved common legal and factual questions." *E.S. v. Katonah-Lewisboro Sch. Dist.*, 796 F. Supp. 2d 421, 428 (S.D.N.Y. 2011), *aff'd sub nom.*, E.S. ex rel. B.S. v. Katonah-Lewisboro Sch. Dist., 487 F. App'x 619 (2d Cir. 2012).

Upon due consideration of the IHO Decision, the SRO Decision, and the parties' arguments, the Court finds a reduction of 50% is appropriate to account for Plaintiff's partial success. *Hensley v. Eckerhart*, 461 U.S. 424, 436–37 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983) ("The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success.").

### D.  Effect of the Offer of Judgment

The IDEA prohibits "an award of attorneys' fees 'for services performed subsequent to the time of a written offer of a settlement to a parent' if, among other requirements, 'the court . . . finds that the relief finally obtained by the parents is not more favorable to the parents than the offer of

settlement.'" *C.G. v. Ithaca City Sch. Dist.*, 531 F. App'x 86, 88 (2d Cir. 2013) (quoting 20 U.S.C. § 1415(i)(3)(D)(i)(III)). Under those circumstances, a parent may only recover post-settlement offer fees if the parent "was substantially justified in rejecting the settlement offer." 20 U.S.C. § 1415(i)(3)(E)

Defendant argues Plaintiff is not entitled to any attorneys' fees incurred after it offered Plaintiff an Offer of Judgment. (Def. Opp. at 14-15.) Specifically, Defendant argues that Plaintiff did not receive a more favorable outcome when compared to the District's Offer, therefore Plaintiff should not be able to recover attorney's fees and costs incurred after April 30, 2019. (*Id.* at 15.) However, Defendant fails to provide a factual basis for this argument. Instead, Defendant makes the conclusory assertion that a comparison of the Offer and the SRO's award "clearly demonstrates" that the Offer was significantly more favorable.

Plaintiff argues that this Offer does not include the neuropsychological evaluation and the transition services to the Student awarded by the SRO, and therefore the SRO Decision is more favorable than the Offer. The Court agrees with Plaintiff. The District's Offer provided for 120 hours of Speech and Language therapy services provided by a licensed speech therapist and reimbursement in the amount of $10,000. This Offer does not contemplate the transition services sought by Plaintiff in her initial and amended due process demand or the neuropsychological evaluation. Therefore, the Court finds the Offer less favorable. *See C.G.*, 531 F. App'x at 88 (2d Cir. 2013) (finding the administrative relief obtained by plaintiff was more favorable because it included compensatory counseling not previously offered by the district).

Moreover, that the SRO's award was less favorable than the Offer is irrelevant if Plaintiff was substantially justified in rejecting the Offer. Plaintiff argues her rejection was substantially

justified because the Offer did not include attorneys' fees. (Pl. Reply at 9-10.) In its Opposition, Defendant fails to address whether Plaintiff was substantially justified.

The Court therefore rejects Defendant's argument and declines to limit Plaintiff's recovery of fees to those incurred after April 30, 2019.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for attorneys' fees is GRANTED IN PART and DENIED IN PART. Plaintiff is entitled to recover reasonable attorneys' fees, calculated as follows:

| Biller | Rate | Hours | Total |
|---|---|---|---|
| Gina DeCrescenzo | $435 | 91.95 | $39,998.25 |
| Benjamin Brown | $325 | 64.7 | $21,027.50 |
| Charlene Lolis | $100 | 6.1 | $610 |
| | | | $61,635.75 |

The $61,635.75 in attorneys' fees is further reduced by 50% to account for Plaintiff's limited success. The Court therefore awards Plaintiff $30,817.88 in attorneys' fees.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 20 and to terminate the action.

Dated:   May 3, 2024                                         SO ORDERED:
         White Plains, New York



                                                     NELSON S. ROMÁN
                                                     United States District Judge